## MAXWELL *vs.* THE STATE.

[INDICTMENT FOR RETAILING WITHOUT LICENSE.]

1. *Selling to person of known intemperate habits, in quantity greater than quart, not within statute.*—Selling vinous or spirituous liquors, to a person of known intemperate habits, in quantities greater than a quart, is not a violation of the statute.—Code, § 1058.

APPEAL from the Circuit Court of Tuskaloosa.

Tried before the Hon. GEO. D. SHORTRIDGE.

ROBERT MAXWELL, the appellant, was indicted at the March term, 1854, for retailing without a license; the indictment charging that he "sold vinous or spirituous liquor without a license and contrary to law", and that he "sold spirituous liquor to one George Taylor, a person of known intemperate habits, by the quart, without a license and contrary to law." On the trial, as the bill of exceptions states, " the State proved that the defendant, within twelve months before the finding of the indictment, and in said county, had sold to George Taylor, a man of known intemperate habits (which fact was known to said defendant), one half-gallon of whiskey, none of which was drunk upon or about the premises of said defendant; and this was all the testimony in the cause. Thereupon, the defendant asked the court to charge the jury, that the aforesaid testimony did not support the charge in the indictment; which charge the court refused to give, and the defendant excepted." The refusal to give this charge is now assigned for error.

E. W. PECK, for the appellant.

M. A. BALDWIN, Attorney General, *contra.*

GOLDTHWAITE, J.—The Code (§ 1058) does not make the selling of vinous or spirituous liquors, in quantities greater than a quart, to a person of known intemperate habits, an offence; and hence, upon the evidence stated in the bill of exceptions, the charge requested should have been given.

Judgment reversed, and cause remanded.